CHRISTOPHER W. WOOD, ESQ. / SBN: 193955
NEIL J. FERRERA, ESQ. / SBN: 239823
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
DBBWC-ESERVICE@dbbwc.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISON

| | |
|---|---|
| DEBORAH GOMEZTAGLE, on her own behalf and on behalf of the Estate of Enrique Gomeztagle, Decedent,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION DBA NORTH KERN STATE PRISON, WARDEN KEVIN HIXON, DIRECTOR GENA JONES, SECRETARY JEFF MACOMBER and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiff DOBORAH GOMEZTAGLE, mother of Decedent Enrique Gomeztagle, individually, and in her capacity as the parent of Decedent Enrique Gomeztagle, hereby respectfully submits this instant Complaint for Damages and Demand for Jury Trial and alleges as follows based on information and belief.

## **PARTIES**

1.  Plaintiff DEBORAH MALINDA GOMEZTAGLE ("Plaintiff") was, at all times relevant to this action, the mother of Decedent Enrique Gomeztagle ("Gomeztagle"). Plaintiff brings this action in her individual capacity and in her capacity as the parent of Decedent Gomeztagle.

Gomeztagle died on January 29, 2025, while in the North Kern State Prison, which is operated by the State of California, specifically, the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION. At all times relevant to this action, Plaintiff was a resident of the County of Sacramento, State of California, and Decedent Gomeztagle was a resident of the County of Sacramento, State of California. At the time of his death, Gomeztagle was 31 years old.

2. Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION dba NORTH KERN STATE PRISON ("NKSP") was, at all times relevant to this action, a state agency operating at 2737 West Cecil Avenue, Delano, California 93215. NKSP was, at all times relevant to this action, an employer as defined by California law, and a state agency, as defined in California Government Code section 900.6. According to the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION's website, their mission is "To facilitate the successful reintegration of the individuals in our care back to their communities equipped with the tools to be drug-free, healthy, and employable members of society by providing education, treatment, rehabilitative, and restorative justice programs, all in a safe and humane environment." However, NKSP was deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates and deliberately chose not to provide a safe prison environment.

3. Defendant SECRETARY JEFF MACOMBER and DIRECTOR GENA JONES were at all relevant times employees of Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION. Defendant WARDEN KEVIN HIXON ("WARDEN HIXON") was, at times relevant to this action, an employee of the NKSP. SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON deliberately decided not to impose adequate discipline on their officers who failed to prevent the killing and/or excessive force, creating a culture within the NKSP that encourages such violence. SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON were deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates and deliberately chose not to provide a safe prison environment.

4. This Civil Rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California State laws in connection with the death of Gomeztagle on January 29, 2025. Specifically, and most importantly,

Defendants violated the Eighth Amendment to the United States Constitution, which prohibits "cruel and unusual punishment" against prison inmates. Furman v. Georgia, 408 U.S. 238 (1972).

5. Defendants NKSP and DOES 1 through 5 ("DOE Officers") proximately caused Gomeztagle and Plaintiff's injuries by failing to intervene, and/or engaging in other acts and/or omissions around the time of Gomeztagle's death that resulted in Gomeztagle's death. NKSP and DOE Officers are directly liable for Plaintiff's injuries under Federal law pursuant to 42 U.S.C. Section 1983. DOE Officers were deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates and deliberately chose not to provide a safe prison environment.

6. Defendants NKSP and DOES 6 through 10 also proximately caused Gomeztagle and Plaintiff's injuries and are liable under State and Federal law and the principles set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978). NKSP and DOES 6 through 10 were deliberately indifferent to inmates who were at great risk of harm based on threats of other inmates and deliberately chose not to provide a safe prison environment.

7. The policies and customs behind the killing of inmates such as Gomeztagle are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, insofar as Plaintiff herein seeks, by means of this Civil Rights action, to hold accountable those responsible for the killing of Gomeztagle and to challenge the NKSP's unconstitutional policies and practices, this Civil Rights action is firmly in the public interest.

## JURISDICTION

8. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of State law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

///
///
///

9. The incidents complained of herein occurred in Delano, California, at the NKSP, in the County of Kern. On January 29, 2025, Defendants allowed Gomeztagle to be killed, by deliberately creating a penal environment in which Gomeztagle was at great risk of physical harm or death.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. At all times herein mentioned, Plaintiff, parent of decedent Gomeztagle, was a resident of the State of California.

11. At all times herein mentioned, decedent Gomeztagle was a resident of the County of Sacramento and an inmate at the NKSP.

12. NKSP is and was a duly organized public entity which is a part of Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIATION (CDCR); form unknown, existing as such under the laws of the State of California. At all relevant times, CDCR was the employer of SECRETARY MACOMBER, DIRECTOR JONES, and DOES 1-10 who were either officers, or managerial, supervisorial, policymaking employees of CDCR, and are sued in their individual capacities for damages only. NKSP was the employer of WARDEN HIXON and DOES 11 through 20, who were either NKSP officers, or managerial, supervisorial, and policymaking employees of NKSP, and are sued in their individual capacities for damages only.

13. At all relevant times, SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON and DOES 1 through 20 were duly authorized employees and agents of the NKSP and CDCR, who were acting under color of law within the course and scope of their respective duties as NKSP and CDCR employees and agents, and with the complete authority and ratification of their, NKSP and CDCR.

14. In doing the acts, and failing and/or omitting to act, as hereinafter described, SECRETARY MACOMBER was the Secretary of CDCR, and DIRECTOR JONES was the Director of Adult Institutions and WARDEN HIXON was, at all relevant times, the Warden that allowed the killing of Gomeztagle while employed by CDCR and NKSP. DOES 1 through 20 were each duly appointed, qualified and acting ranking officers, officials and employees of the NKSP and CDCR, also charged by law with the supervision, management, control, operation, and administration of

the NKSP. Each said Defendant was acting within the course and scope of their respective said employment and under the color of State law, and as the employee, agent and representative of each other Defendant.

15.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who, therefore, sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same has been ascertained.

16.  At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

17.  On June 4, 2025, Plaintiff timely filed a Claim for Damages with the State of California pursuant to applicable sections of the California Government Code. (Attached hereto as Exhibit A.)

18.  On July 18, 2025, Plaintiff's claims were deemed rejected by the State of California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

19.  On or about January 29, 2025, at approximately 5:04 p.m. in Delano, California, inmate Gomeztagle was killed while serving his prison sentence at the CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION dba NKSP. Plaintiff, mother of Gomeztagle, hereby acts within the full capacity of her rights as the surviving mother of Decedent.

20.  Gomeztagle was born on May 6, 1993. Gomeztagle was the only son born to his parents. He is also survived by his two sisters.

21.  Gomeztagle worked in his family landscaping business in the Sacramento area. He did perform a number of landscaping duties. His family relied on his abilities and their clients always enjoyed interacting with him. Plaintiff relied on him more than ever after his father passed

///

away. It was his ultimate goal to take over the business as his mother was nearing retirement. Gomeztagle had already begun making plans to take over the business.

22. Gomeztagle also provided financial support and helped his mother around the house. He would work outside and maintain the yard, which Plaintiff relied on him for.

23. On or around November 14, 2025, Gomeztagle was charged and adjudged, guilty of a crime, in Sacramento County. The Court sentenced Gomeztagle to two (2) years and (8) eight months.

24. Gomeztagle was sent to serve his sentence at NKSP.

25. After a short time at NKSP, Gomeztagle's future was cut short by his untimely and wrongful death because of, among other things, the negligence and negligent supervision of NKSP personnel.

26. On or about January 29, 2025, Gomeztagle was placed with a new cellmate, Kevin Langston.

27. At approximately 5:04 p.m. on January 29, 2025, officers were conducting security rounds when they found Gomeztagle unresponsive in the cell with Kevin Langston. It was determined that strangulation was the cause of death.

28. Information about the circumstances has not been provided and will not be provided without a subpoena so Plaintiff is forced to file this action.

29. Gomeztagle was pronounced deceased at 5:34 p.m. on January 29, 2025.

30. It is believed the investigation into the facts of Gomeztagle's death is still ongoing.

## FIRST CAUSE OF ACTION

**Deprivation of Life Without Due Process; Violation of 42 U.S.C. section 1983**

**(Against All Defendants)**

31. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

///
///
///

32. Defendants acted under color of State law within the course and scope of its duties as a correction and rehabilitation facility when it and/or its agents wrongfully killed Gomeztagle through deliberate indifference to known threats to his health and safety. Gomeztagle was unarmed and posed no imminent threat of danger to Defendants or anyone else.

33. Plaintiff has a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution, to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in her relationship with her son, Gomeztagle.

34. As a result of Defendants and its agents' failure to properly supervise employees and/or detainees and failure to investigate threats of great bodily harm and/or deadly force against Gomeztagle while acting under color of state law, Defendants and its agents caused and/or failed to prevent the death of Gomeztagle thereby depriving him of his life without due process of law. Defendants' actions also caused Gomeztagle extreme pain and suffering, loss of life, earning capacity and his relationship with his, family, and friends. Plaintiff has thereby been deprived of her constitutional right of a familial relationship with her son.

35. Defendants and their agents, along with other undiscovered conduct, shocked the conscience, in that deliberation was practical and Defendants and its agents acted with deliberate indifference to Plaintiff's constitutional rights, and with the purpose to harm, unrelated to any legitimate law enforcement objective.

36. As a legal result of their conduct, Defendants are liable for Gomeztagle's injuries, either because they were integral participants in the deprivation of life without due process, or they failed to intervene to prevent those violations.

37. The claim against Defendants, NKSP, SECRETARY MACOMBER, DIRECTOR JONES WARDEN HIXON, and DOES 1 through 20, are based upon Plaintiff's allegations that Defendants' policies, practices or customs were a cause of the injuries suffered by Gomeztagle and Plaintiff herein, and as set forth above.

38. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of enjoyment of life, pain and suffering, physical

injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Gomeztagle's love, affection, society, support, and companionship.

39. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, wanton, malicious, intentional, oppressive and done with willful and conscious disregard of Plaintiff's rights, welfare and safety of those of his mother, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

40. Plaintiff brings this claim as the mother of Gomeztagle and also seeks attorneys' fees under this claim.

## SECOND CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom, Practice, or Policy;**

**Violation of 42 U.S.C. section 1983**

**(Against all Defendants)**

41. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. Based upon the principles set forth in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), on and for some time prior to June 1, 2016 (and continuing to the present date), Defendants, NKSP, SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON, and DOES 1 through 20, acting with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Gomeztagle, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. the failure to properly assess and/or supervise the detainees and/or inmates and the use force or deadly force against Gomeztagle;

    b. the negligent tactics and handling of the situation with Gomeztagle, including improper supervision of detainees and failure to investigate complaints/reports of threats of great bodily harm or deadly force;

///

    c. the failure to provide proper medical care and not take actions to worsen or exacerbate Gomeztagle;

    d. the deliberate refusal to place Gomeztagle in a safe penal environment knowing that Langston was violaent and had violent tendencies;

    e. the placement of Gomeztagle in a cell with a cellmate who presented a foreseeable risk of severe bodily harm and death to Gomeztagle;

    f. the failure to properly train, supervise and discipline employees, including the individual Defendants; and

    g. the failure to provide timely medical assistance to Gomeztagle.

  43. By reason of the aforementioned policies and practices of Defendants, NKSP, WARDEN HIXON, and DOES 1 through 10, Gomeztagle was severely injured and subjected to pain and suffering and lost his life.

  44. Defendants, NKSP, SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON, and DOES 1 through 20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Gomeztagle, Plaintiff, and other individuals similarly situated.

  45. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, DOES 1 through 20, acted with intentional, reckless, and callous disregard for the life of Gomeztagle and for Gomeztagle's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants, NKSP, SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON, and DOES 1 through 20 were affirmatively linked to and were a significantly influential force behind the injuries of Gomeztagle and Plaintiff.

///

46. The actions of each of Defendants, DOES 1 through 20, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants, DOES 1 through 10.

47. By reason of the aforementioned acts and omissions of Defendants, NKSP, SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON, and DOES 1 through 20, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

48. Accordingly, Defendants, NKSP, WARDEN HIXON, and DOES 1 through 10, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

49. Plaintiff brings this claim as the mother of Gomeztagle and also seeks attorneys' fees under this claim.

## THIRD CAUSE OF ACTION

### Interference with Parent-Child Relationship; Violation of U.S.C. section 1983

### (Against All Defendants)

50. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51. By wrongfully killing of GOMEZTAGLE, by killing him while he was incarcerated and unarmed, Defendants deprived Plaintiff of her Fourteenth Amendment right to a familial relationship with GOMEZTAGLE. Defendants acted with deliberate indifference to Plaintiff's rights and/or their unlawful conduct shocks the conscience.

52. Defendants' interference with the parent-child relationship caused Gomeztagle extreme pain and suffering, loss of life and earning capacity. Defendants' actions also deprived Plaintiff of the love, companionship, support, society, care, and sustenance of her son, and she will continue to be so deprived for the remainder of her life.

53. As a result of their conduct, Defendants are liable for Gomeztagle's injuries and loss of life, either because they were integral participants in the interference with the parental-child relationship, or because they failed to intervene to prevent these violations.

///

54. The claim against Defendants NKSP, SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON, and DOES 1 through 20 are based upon Plaintiff's allegations that the NKSP's policies, practices or customs were a cause of the injuries suffered by Gomeztagle and Plaintiff herein, as set forth above.

55. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of her son's love, affection, society, support, and companionship.

56. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety and those of her son, justify the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

57. Plaintiff brings this claim as successor-in-interest to Gomeztagle and seeks both survival and wrongful death damages under Federal law for the violation of Gomeztagle's rights. Plaintiff also seeks attorneys' fees under this claim.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against All Defendants)

58. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. Defendants owed a duty of care toward Gomeztagle and were required to use reasonable diligence to ensure that Gomeztagle was not harmed by Defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

    a. the failure to properly assess and/or supervise the employees and/or detainees and the use force or deadly force against Gomeztagle;

///

///

      b. the deliberately indifferent tactics and handling of the situation with Gomeztagle, including improper supervision of employees and/or detainees and failure to investigate complaints/reports of threats of great bodily harm or deadly force;

      c. the deliberate refusal to place Gomeztagle in a safe penal environment after specific threats of bodily harm and death were communicated to supervisory personnel of the prison;

      d. the placement of Gomeztagle in a cell with a cellmate who presented a foreseeable risk of severe bodily harm and death to Gomeztagle;

      e. the failure to provide proper medical care and not take actions to worsen or exacerbate Gomeztagle;

      f. the failure to properly train, supervise and discipline employees, including the individual Defendants;

      g. the failure to provide timely medical assistance to Gomeztagle; and

      h. the negligent hiring, retention and assignment of its employees, including the individual Defendants.

60. Defendants' conduct caused Gomeztagle, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived Plaintiff of the love, companionship, support, society, care, and sustenance of her son and she will continue to be so deprived for the remainder of her life.

61. In addition, at the aforementioned date, time and place, the Defendants negligently, carelessly and without reasonable care, failed to properly supervise employees and/or detainees and failed to investigate threats of great bodily harm and/or deadly force against Gomeztagle and deliberately refused to take appropriate responsive action.

62. As a result of their conduct, Defendants are liable for Gomeztagle's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

///

///

63. Defendant NKSP is vicariously liable under California Government Code section 815.2 for the acts of its employees Defendants Does 1 through 10, committed in the course and scope of their employment with the NKSP.

64. Plaintiff brings this claim as the mother of Gomeztagle and also seeks attorneys' fees under this claim.

## FIFTH CAUSE OF ACTION

### Negligent Supervision

### (Against All Defendants)

65. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66. Under California law, an employer can be held liable to a third person, Plaintiff, for negligently supervising an employee(s).

67. Defendants owed a duty of care toward Plaintiff with their actions directly taken towards Gomeztagle, as well as being required to use reasonable diligence to ensure that Gomeztagle was not harmed by Defendants' employee(s) and/or detainees and Defendants' acts or omissions. Defendants' employee(s) and/or detainees and Defendants' actions and omissions were negligent and reckless, including but not limited to:

   a. the failure to properly assess and/or supervise the detainees and/or inmates and the use of force or deadly force against Gomeztagle;

   b. the negligent tactics and handling of the situation with Gomeztagle, including improper supervision of detainees and failure to investigate complaints/reports of threats of great bodily harm or deadly force;

   c. the deliberate refusal to place Gomeztagle in a safe penal environment knowing that Langston was violent and violent tendencies;

   d. the placement of Gomeztagle in a cell with a cellmate who presented a foreseeable risk of severe bodily harm and death to Gomeztagle;

   e. the failure to provide proper medical care and not take actions to worsen or exacerbate Gomeztagle;

  f. the failure to properly train, supervise and discipline employees, including the individual Defendants;

  g. the failure to provide timely medical assistance to Gomeztagle; and

  h. the negligent hiring, retention and assignment of its employees, including the individual defendants.

68. Defendants' conduct caused Gomeztagle, without limitation, extreme pain and suffering, and loss of life, enjoyment of life and earning capacity. Defendants' actions also deprived Plaintiff of the love, companionship, support, society, care, and sustenance of her son and she will continue to be so deprived for the remainder of her life.

69. In addition, at the aforementioned date, time and place, the Defendants negligently, carelessly and without reasonable care, failed to properly supervise employees and/or detainees and failed to investigate threats of great bodily harm and/or deadly force against Gomeztagle and deliberately refused to take responsive or corrective action.

70. As a result of their conduct, Defendants are liable for Gomeztagle's injuries because they were integral participants in the negligence, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

71. Defendant NKSP is vicariously liable under California Government Code section 815.2 for the acts of its employees Defendants Does 1 through 10, committed in the course and scope of their employment with the NKSP.

72. Plaintiff brings this claim as the mother of Gomeztagle and also seeks attorneys' fees under this claim.

## SIXTH CAUSE OF ACTION

### Violation of California Civil Code Section 43

### (Against All Defendants)

73. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

74. California Civil Code section 43 provides: "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and

restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to her personal relations."

75. As alleged herein, and in violation of California Civil Code section 43, Defendants NKSP, SECRETARY MACOMBER, DIRECTOR JONES and WARDEN HIXON, and DOES 1 through 20 failed to provide Gomeztagle the right of protection from violence and bodily harm by failing to intervene and stop the killing of Gomeztagle. Defendants NKSP, WARDEN HIXON, and DOES 1 through 20's refusal to take accountability for the Defendants' officers' actions violates the law because Defendant DOES 1 through 20 were employees and were acting during the course and scope of employment when they failed to intervene and stop the killing of Gomeztagle.

76. Plaintiff is informed and believes, and thereon alleges, that by Defendants' tolerating and sanctioning Defendants' officers' actions (or inactions) and disregard of department policies and procedures, it was violative of section 43 of the California Civil Code.

77. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings, reliance damages, costs of suit and other pecuniary loss in an amount not presently ascertained, but to be proven at trial.

78. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer without limitation loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the continued loss of her daughter's love, affection, society, support, and companionship for the remainder of her life.

79. As a direct and proximate cause of the aforementioned acts of Defendants', Plaintiff was injured as set forth above and is entitled to damages.

///
///
///
///

## SEVENTH CAUSE OF ACTION

### Bane Act; Violation of California Civil Code section 52.1

### (Against All Defendants)

80. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

81. As alleged herein, Defendants interfered by threats, intimidation, or coercion with Gomeztagle's rights under State and Federal laws and under State and Federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under California Civil Code section 43, California Penal Code sections 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and her rights under Article 1, sections 1, 7 and/or 13 of the California Constitution.

82. Defendants' conduct caused Gomeztagle extreme pain and suffering, and loss of life, earning capacity and his relationship with his mother, parents, family and friends. Defendants' actions also deprived Plaintiff of her son's love, companionship, support, society, care, and she will continue to be so deprived for the remainder of her life.

83. As a result of their conduct, Defendants are liable for Gomeztagle's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

84. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of Gomeztagle's love, affection, society and companionship.

85. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

86. Plaintiff brings this claim as successor-in-interest to Gomeztagle and seeks both survival and wrongful death damages under State law. Plaintiff also seeks reasonable attorneys' fees under this claim.

### EIGHTH CAUSE OF ACTION

### Wrongful Death;

### Violation of California Code of Civil Procedure Section 377.60

### (Against All Defendants)

87. Plaintiff repeats and re-alleges each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88. Defendants DOES 1 through 20 killed Gomeztagle despite the absence of an imminent threat of death or physical injury to themselves or others. Gomeztagle posed no threat to the officer's safety or to the safety of others. Because Gomeztagle died while being unmarried, his mother Plaintiff is the proper person to sue for her wrongful death under California state law.

89. Plaintiff asserts wrongful death actions against all Defendants pursuant to California Code of Civil Procedure section 377.60, et seq. Per California Probate Code section 6402, subdivision (b), Plaintiff is, the parent of the decedent. This claim is based upon the fact that Defendants' negligent, reckless, deliberately indifferent, and wrongful acts and omissions, as alleged herein, were a direct and legal cause of Gomeztagle's death and the resulting damages to Plaintiff. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the wrongful conduct, or because they failed to intervene to prevent these violations.

90. The Civil Rights violations alleged herein, as well as Defendants' other tortious acts and omissions, and negligence under California Civil Code section 1714, form the basis for this cause of action.

91. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety and those of her son, justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

92. As a direct and legal result of Defendants' acts and omissions, Plaintiff suffered damages, including, without limitation, loss of earnings and earning capacity, support and benefits, loss of enjoyment of life, pain and suffering, physical injuries and sickness, emotional distress, medical expenses, funeral and burial expenses, attorneys' fees, costs of suit, other pecuniary losses not yet ascertained and the loss of her son's love, affection, society and companionship.

93. Plaintiff seeks both survival and wrongful death damages and all other damages and remedies available under State law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DOBORAH GOMEZTAGLE demands judgment against Defendants, and each of them, as follows:

    a.    For General Damages according to proof;

    b.    For Special Damages according to proof;

    c.    For Punitive Damages as provided by law, in an amount to be proved against each individual Defendant (not including NKSP);

    d.    For Attorneys' Fees and costs of suit;

    e.    For such other and further relief as the Court may deem proper; and

    f.    For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: December 9, 2025        **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: /s/ Neil J. Ferrera
NEIL J. FERRERA

Complaint; Demand for Jury Trial

-18-